**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**
**No. 00-CR-365 (JMR)**

---

United States of America,

Plaintiff,

vs.

Michael Alan Mooney,

Defendant.

**DEFENDANT'S RESPONSE TO GOVERNMENT'S NOVEMBER 24, 2004 LETTER BRIEF**

---

## STATEMENT OF THE CASE

Mr. Michael Alan Mooney files this response to the government's belated November 24, 2004, letter to the Court.

## DISCUSSION OF LAW

The government's argument that the Court may impose consecutive sentences fails.

First, no post-Blakely case holds that a court may avoid the holding of Blakely by imposing consecutive sentences.

Second, the government misunderstands U.S.S.G. § 5G1.2 and its critical terms, "total punishment" and "statutory maximum."

Under subsection (b) of § 5G1.2, the sentence imposed on each count shall be the "total punishment" as determined after grouping counts under U.S.S.G. § 3D and after determining under U.S.S.G. § 5C whether a sentence in Zone A, B, or C of the sentencing table is required. See § 5B1.2(b) and United States v. McLeod, 251 F.3d 78, 83 (2nd Cir. 2001). In a multi-count case, "(t)he combined length of the sentences (. . . 'total punishment') is determined by the adjusted combined offense level . . ." Section § 5G1.2, commentary.



MPLS-Word 74611.1

Before the holding of Blakely v. Washington, 124 S.Ct. 2531 (2004), the "total punishment" under U.S.S.G. § 5G1.2 of the guidelines was not limited to the facts found by a jury. In Mr. Mooney's case this Court determined the loss amount to be $274,000, and set the "total punishment" at 42 months, within the 37 to 46 months range for level 21.

Blakely made clear that the sentencing power of the district court is limited by the findings of a jury. Id., 124 S.Ct. at 2537. A jury is required to find all the facts which the law makes essential to the punishment. Id.

Therefore, Blakely limits the "total punishment" to that punishment which is based upon facts found by a jury. This is necessarily so because under § 5G1.2 the "total punishment" is determined by the appropriate guideline range. See McLeod, *supra*. The appropriate guideline range is limited by the loss amount, in part. The loss amount must now be determined by the jury. Thus under Blakely "total punishment" is limited to that based upon facts found by a jury.

Here, we assume a loss amount of zero, since none was found by the jury.

Assuming a loss amount of zero, the "total punishment" to be imposed is the range of 4 to 10 months. See Defendant's Release Exhibit 3, attached to November 22, 2004, Reply to Government's Memorandum Opposing Fourth Motion for Release Pending Appeal.

The government's error is to assume that "total punishment" means 42 months rather than 4 to 10 months.

This analysis must be completed by returning to § 5G1.2 (c) and understanding the term "statutory maximum." Blakely says ". . . 'statutory maximum' for Apprendi purposes is the maximum sentence a judge may impose *solely on the facts reflected in the jury verdict or admitted by the defendant* . . . In other words, the relevant 'statutory maximum is not the maximum sentence a judge may impose after finding additional facts, but the maximum he may

impose *without* any additional findings. When a judge inflicts punishment that the jury's verdict alone does not allow, the jury has not found all the facts 'which the law makes essential to the punishment.' " Id. 124 S.Ct. at 2537 (emphasis in the original).

"Statutory maximum" for purposes of § 5G1.2 (c) therefore means, in Mr. Mooney's case, the 10 month top of the range of 4 to 10 months, the highest sentence authorized in a case where the jury did not find a loss amount. Under this subsection, ". . .(i)f the sentence imposed on the court carrying the highest statutory maximum is adequate to achieve the total punishment, then the sentences on all counts shall run concurrently, except to the extent otherwise required by law." § 5G1.2(c).

Here the "statutory maximum" is of 10 months plainly adequate to achieve the "total punishment" of 4 to 10 months. Concurrent sentences on all counts are mandated because § 5D1.2(c) says "shall run concurrently." (Emphasis added).

For these same reasons, the government's suggestion that subsection (d) of § 5G1.2 mandates consecutive sentences is wrong. Consecutive sentences are mandated only when the count carrying the highest "statutory maximum" (here 10 months) is less than the "total punishment" (here, 4 to 10 months). This is not the case.

This analysis assumes a loss of zero dollars, as shown in Defendant's Release Exhibit 3. If we assume a loss of $70,000, the "statutory maximum" is 24 months and the "total punishment" falls in a range of 10 to 24 months. See Defendant's Release Exhibit 2. No matter what the loss amount in this case, concurrent sentences are required.

The third reason the government is wrong is that all of the cases it cites are pre-Blakely Apprendi cases which labor under the wrong definition of "statutory maximum."

The fourth reason the government's view is wrong is that its reasoning would limit the practical application of Blakely to single-count convictions, which are a minute minority of federal convictions. The Apprendi court itself rejected the State of New Jersey's claim that because Mr. Apprendi stood convicted of two ten year counts, which could lawfully support consecutive sentences totaling 20 years, it was appropriate to sentence him to 12 years on a single count. Apprendi v. New Jersey, 120 S.Ct. 2348, 2354 (2000). The government's argument that since consecutive sentences of 6 months on all 17 counts exceed the sentence of 42 months imposed, a 42 month sentence is therefore lawful, is no different that the one rejected in Apprendi.

In the government's view, if the federal sentencing guidelines *in toto* are unconstitutional, this Court would have the power *sans* guidelines to impose a new 42 month sentence, mooting this entire proceeding.

This view is presumptuous. There is no particular reason to believe or disbelieve the United States Supreme Court will conclude that absent the guidelines the federal courts will be free to fashion any sentence below the statutory maximum. As noted in previous briefs, the circuits have split on most post-Blakely questions.

There is also no particular reason to believe that, absent the guidelines, this Court would believe that a 42 month non-parolable sentence would be condign. In the old pre-guidelines world, this Court would have been free to consider any number of sentencing factors it cannot consider under the guidelines, including amenability to rehabilitation, success at rehabilitation during that part of the sentence already served, and the like. Sentences were often amended and reduced by the judge during the prisoner's term.

In fact a 42 month guidelines sentence is the equivalent of a nine to eleven and a half year sentence under the old parole system. A 42 month guidelines sentence requires release with good behavior at 36 months and outright release at 42 months. A nine year sentence under the old system required a minimum of 36 months with good behavior and absolute release at the 2/3 mark, or at 72 months. An eleven and a half year sentence required a minimum of 42 months served, and a maximum of 84 months served.

Under the old system it is the undersigned's experience that no person responsible for a loss of $274,000 was sentenced to a term of nine to eleven and a half years in this district.

Finally, it must again be observed that the government writes as though 18 U.S.C. § 3143(b), the statute which governs release pending appeal, does not exist. The fact is, we now have no clear idea of what Mr. Mooney's lawful sentence should be. That stark reality requires his release pending appeal.

The irony is that the Eighth Circuit has already released a defendant pending appeal in a fraud case where the jury did not determine the amount of loss. See Exhibit A attached, materials from United States v. Morin, No. 03-1781 (8th Cir.). Mr. Morin petitioned for release pending appeal based upon the vacated panel opinion in Mr. Mooney's case, and on August 25, 2004, the Eighth Circuit granted his motion. Id. He was sent home from the Duluth camp.

Dated: November 29, 2004

**s/Jon M. Hopeman**
Jon M. Hopeman, MN #47065
Eric J. Riensche, MN #309126
Attorneys for Defendant Michael A. Mooney
Felhaber, Larson, Fenlon & Vogt, P.A.
220 South Sixth Street, Suite 2200
Minneapolis, MN 55402-4504
Telephone: (612) 339-6321
Fax: (612) 338-0535