RECEIVED
AUG 30 2004

# UNITED STATES COURT OF APPEALS

## FOR THE EIGHTH CIRCUIT

No. 03-1781

| | |
|---|---|
| United States of America, | * |
| Appellee, | * |
| | * |
| v. | * Appeal from the United States District Court for the District of North Dakota |
| Ronald S. Morin, | * |
| Appellant. | * |

Appellant Ronald S. Morin's motion for release from incarceration pending this court's decision in the present appeal has been considered and is granted, subject to entry of an order by the district court setting appropriate conditions of release pursuant to 18 U.S.C. sec. 3142(b) or (c). See also 18 U.S.C. sec. 3143(b). The appeal remains under consideration by this court.

August 25, 2004

Order Entered at the Direction of the Court:

Michael E. Gans

Clerk, U.S. Court of Appeals, Eighth Circuit

A TRUE COPY OF THE ORIGINAL
MICHAEL E. GANS, CLERK
UNITED STATES COURT OF APPEALS
FOR THE EIGHTH CIRCUIT
Michael E. Gans

Defendant's
EXHIBIT
A

File copy

IN THE UNITED STATES COURT OF APPEALS
FOR THE EIGHTH CIRCUIT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | Appeal No. 03-1781 |
| Appellee, | ) | |
| | ) | |
| -vs- | ) | UNITED STATES' RESPONSE TO |
| | ) | MOTION FOR RELIEF |
| RONALD S. MORIN, | ) | |
| | ) | |
| Appellant. | ) | |

The appellee, the United States of America, through its attorney, Drew Wrigley, United States Attorney for the District of North Dakota, submits this response to Appellant Ronald Morin's Motion for Relief.

## FACTS

Morin was charged in five counts of an indictment handed up by a federal grand jury in the District of North Dakota. Count One charged Morin and Raphael Decoteau with conspiracy to steal, embezzle, or misapply money and property belonging to the Turtle Mountain Band of Chippewa Indians (TMBCI). Counts Two, Three, and Four Charged Morin and Decoteau with theft/embezzlement of over $1,000 in money and property from the TMBCI in violation of 18 U.S.C. §§ 1163 and 2. Count Three specifically charged that Morin and Decoteau with theft/embezzlement of $77,000. Count Five charged Morin and Decoteau with theft/misapplication/conversion of funds and assets in excess of $30,000 from organizations, the TMBCI and Uniband, Inc., that

mailed 2-25-04 Judy

received over $10,0000 in benefits from federal programs in violation of 18 U.S.C. § 666(a)(1)(A). A jury convicted Morin and Decoteau on all counts (Appellant's Addendum at 1).[1]

At sentencing, the district court assigned a sentencing guideline range of 21-27 months based on a total offense level of 16 and a Criminal History Category I (Sentencing Tr. 35; Appellant's Addendum at 7). Morin's offense level was based on the district court's finding that the loss exceeded $70,000, adding 8 levels to a base offense level of 6 under U.S.S.G. § 2B1.1(a) and (b)(1)(E)) and that Morin abused a position of public trust under § 3B1.1 adding an additional two levels (Sentencing Tr. 4, 33-35). Morin objected to these enhancements (Sentencing Tr. 4). Morin was sentenced to a 21-month term of imprisonment (Appellant's Addendum at 2).

Morin appealed challenging his conviction but not his sentence. Oral argument was held on this appeal on February 13, 2004 but no decision has yet been rendered. Morin previously filed with this Court a motion for release pending appeal based on Blakely v. Washington, 124 S.Ct. 2531 (1994).

Morin now seeks to challenge his sentence based on Blakely and this Court's case of United States v. Mooney, __ F.3d __, 2004 WL 1636960 (8th Cir. July 23, 2004). He argues that the enhancements to his offense level for amount of loss and abuse of a position of public trust, resulting in an enhanced sentence, were not found by the jury

---

[1] The Appellant's Addendum is attached to his opening appeal brief.

beyond a reasonable doubt or admitted by him thereby violating his Sixth Amendment right to a jury trial.

## ARGUMENT

In Blakely, the Supreme Court held that a defendant's sentence which was enhanced above a standard sentencing range violated his Sixth Amendment right to have a jury find facts essential to sentencing beyond a reasonable doubt. The defendant was convicted of a Class B felony which, under state law, was punishable by a term of imprisonment up to ten years. 124 S.Ct. at 2534-35. However, another statute set a standard sentencing range of 49-53 months from which a court could depart if it found an aggravating factor. Id. at 1235. The trial court did find the existence of an aggravating factor and sentenced the defendant to 90 months. Id.

The Supreme Court determined that this procedure in exceeding the standard range violated the defendant's Sixth Amendment rights. In reaching its holding, the Court noted that the maximum statutory sentence the defendant could receive was not the statutory maximum, ten years, but the maximum that could be imposed based on the conduct admitted by the defendant (or in the case of a jury trial, those facts found by a jury) which was 53 months. Id. at 2537-38. The Court went on to hold that, in order to exceed the 53-month maximum, the Sixth Amendment required a jury to find the existence of an aggravating factor. Id. at 2536-38. The Court did not rule that determinate sentencing schemes are unconstitutional. Id. at 2540.

This Court has considered whether Blakely applies to the federal sentencing guidelines on two occasions. In Mooney, a majority of the panel determined that the guidelines as a whole were unconstitutional. 2004 WL 1636960 at *12. In United States v. Pirani, 2004 WL 1748930 at *8 (8th Cir. Aug. 5, 2004), the defendant was convicted of false statements for which USSG § 2F1.1 would normally apply. However, the district court found that the obstruction of justice guideline at 2J1.2 applied. This cross-reference was permitted under Application Note 14 of §2F1.1. The result was an increase to the defendant's offense level and presumptive sentence. The majority of the panel took the position that the defendant was convicted of one crime, false statements, but sentenced for another crime, obstruction of justice. The majority in Pirani concluded that this cross-reference violated Blakely because the judge, rather than a jury, found that the defendant's conduct constituted obstruction of justice. Furthermore, the majority found the error constituted plain error. The panel did not consider the constitutionality of the guidelines as a whole but held that Blakely applied to the federal guidelines "at least to the extent they require the courts to impose punishment based on judicially found facts." However, Mooney was vacated on August 6, 2004 and is to be reheard en banc. On August 16, 2004, Pirani was also vacated and is to be reheard en banc. As such, there is currently no precedent in the Eighth Circuit.

Other courts in the country are split on the issue. Some courts have refused to apply Blakely to the federal sentencing guidelines. See e.g. United States v. Hammoud,

__ F.3d __, No. 03-4253, 2004 WL 1730309 (4th Cir. Aug. 2, 2004); United States v. Pineiro, __ F.3d __, No. 03-30437, 2004 WL 1543170 at *3-9 (5th Cir. July 12, 2004). Others have found Blakely applies to the federal sentencing guidelines. See e.g. United States v. Booker, 375 F.3d 508 (7th Cir. 2004), cert. granted, 73 USLW 3074 (No. 04-104, Aug. 2, 2004); United States v. Ameline, 376 F.3d 967 (9th Cir. 2004); United States v. King, __ F. Supp. 2d __, 2004 WL 1769148 at *2-4 (M.D. Fla July 19, 2004).[2]

However, even those courts that have found that Blakely applies to the federal guidelines cannot agree on whether the guidelines are unconstitutional as a whole or are severable. See e.g. Ameline, (severable); United States v. Zompa, __ F. Supp. 2d __, 2004 WL 1663821 at 2 (D. Maine July 26, 2004)(same); United States v. Swan, __ F. Supp. 2d __, 2004 1725703 at * 3-4 (D. Neb. Aug. 2, 2004)(same). But see United States v. Mueffleman, __ F. Supp. 2d __, 2004 WL 1672320 at *8-12 (D. Mass. July 26, 2004)(guidelines are unconstitutional as a whole); United States v. Agett, __ F. Supp. __, 2004 WL 1698094 at *4-5 (E.D. Tenn. July 23, 2004)(same); King, 2004 WL 1769148 at *4-5 United States v. Croxford, __ F. Supp. 2d __, 2004 WL 1521560 (D. Utah July 12, 2004)(same). However, courts that have found the guidelines unconstitutional as a whole have used the guidelines as a reference in determining a sentence. Id.; Agett, 2004 WL at *6 ("The Court will . . . give serious consideration to the sentencing guideline range

---

[2] The Supreme Court has taken up the issue in granting certiorari in Booker and Fanfan v. United States, No. 03-47, 2004 WL 1723114 (D. Maine June 28, 2004), cert. granted, No. 04-105 (Aug. 2, 2004).

applicable under the most analogous guidelines provisions and give that range 'due regard' in imposing sentence"); King, 2004 WL 1769148 at *5 ("The Court notes . . . that despite a return to an indeterminate scheme, it will continue to rely on the Guidelines as recommendations worthy of serious consideration"). In short there is no definitive resolution to the merits of Morin's claim.

First, it should be noted that Morin failed to raise a Blakely or Apprendi-type challenge in the district court or in his opening brief. The Eleventh Circuit has found the failure to raise a Blakely claim in a defendant's opening brief waives the issue. United States v. Levy, __ F.3d __, 204 WL 1774785 at *2 (11th Cir. Aug. 10, 2004). The Ninth Circuit, on the other hand, addressed a Blakely issue sua sponte. Ameline, 376 F.3d 967. The Eighth Circuit's general rule is that failure to raise an issue in an opening brief waives the issue "absent some reason for failing to raise the issue." United States v. Brown, 108 F.3d 863, 867 (8th Cir. 1997)(citing United States v. Darden, 70 F.3d 1507, 1549 n.18 (8th Cir. 1995). Clearly, Blakely did not exist at the time of briefing or oral argument. As such, Blakely could not be raised. However, Apprendi did exist, and an Apprendi argument could have been raised.

The Government takes the position that the guidelines still apply. The Supreme Court did not hold the federal guidelines unconstitutional and the two opinions in this Circuit which have held that Blakely applies to the federal guidelines have been vacated and will be reheard en banc. Therefore, the guidelines must apply unless the Supreme

Court or this Court in its en banc rehearing of Mooney and Pirani hold otherwise. Pineiro, 2004 WL 1543170 at *3. However, the problem that exists with this option is if Blakely does apply, then there is a possibility that Morin may have served more time than the guidelines range applicable to his offense without the enhancements. As discussed below, however, that is not automatic.

Should this Court find that Blakely applies, it should hold the guidelines unconstitutional in their entirety. Morin seeks to have his sentence declared unconstitutional under Blakely and Mooney. Mooney, although vacated, held the guidelines unconstitutional in their entirety. That does not mean that he would receive a lesser sentence. As the Court in Mooney stated, as well as other courts, the district court would then proceed under an indeterminate sentencing scheme using the guidelines in an advisory fashion. 2004 WL 1636960 at *13; Croxford,, 2004 WL 1521560; Agett, 2004 WL at *6; King, 2004 WL 1769148 at *5. Declaring the entire federal guidelines unconstitutional would result in resentencing at which the district court would use the guidelines in an advisory manner and Morin could receive the same sentence.

Furthermore, the Court could hold the application of the enhancements unconstitutional as applied to the facts of this case, as the panel did in Pirani. The result of this would be that Morin would have to be resentenced to the guideline range applicable without the two enhancements. In other words, that portion of the guidelines is severable. See e.g. Ameline, 376 F.3d 967. However, this should not be done for two

reasons. First, Morin specifically raised Mooney which held that the guidelines were unconstitutional in their entirety. 2004 WL 11636960 at *13 (citing Croxford).

Second, there is the option of harmless error. Morin did not raise the Blakely issue to the district court and review of his claim would be reviewed for plain error. The panel in Pirani concluded that the Blakely error was plain error. However, neither panel in Pirani or Mooney considered whether a Blakely error could be harmless.

Plain error exists if there is obvious error which affects the substantial rights of the defendant. United States v. Olano, 507 U.S. 725, 732-34 (1993). Even if plain error exists, correction of the error is not mandatory but permissive. Id. at 735-36. If plain error exists, a court should exercise its discretion and correct the error if it "'seriously affect[ed] the fairness, integrity or public reputation of the judicial proceeding.'" Id. at 736 (quoting United States v. Atkinson, 297 U.S. 157, 160 (1936)). However, a defendant has the burden of showing plain error. United States v. Aikens, 132 F.3d 452, 455 (8th Cir. 1998).

A harmless error standard is very similar to plain error except that the burden is on the government. United States v. Baumgardner, 85 F.3d 1305, 1309 (8th Cir. 1996). Where harmless error exists, there is no plain error. See United States v. Anderson, 236 F.3d 427, 429 n.3 (8th Cir. 2001).

The Eighth Circuit has held that errors under Apprendi, upon which Blakely was based, were subject to harmless error analysis, and the sentence should be affirmed

"unless [it found] that 'the record contains evidence that could rationally lead to a contrary finding with respect to the omitted evidence.'" Anderson, 236 F.3d at 429 (quoting Neder v. United States, 527 U.S. 1, 8-15 (1999)). In other words, the sentence should be affirmed if the evidence was so overwhelming that the jury would have found the aggravating element Id. One circuit has already applied the harmless error analysis to a Blakely claim. United States v. Mincey, __ F.3d __, 2004 WL 1794717 at *3 (2nd Cir. Aug. 12, 2004).

Here, Count Three of the indictment specifically alleges that Morin and Decoteau stole or embezzled $77,000 of funds. Similarly, Count Five charges theft or embezzlement of over $30,000 of assets or funds. The jury was only required to find the threshold amount of $1,000 on Count Three and the threshold amount of $5,000 on Count Five (Tr. 1173-75). However, by the guilty verdict of the jury, there has been a finding beyond a reasonable doubt that Morin and Decoteau stole, embezzled, or misapplied $77,000 or in excess of $30,000, thus harmless error would apply.

The same is true for the abuse of a position of public or private trust enhancement. A position of public or private trust is characterized by professional or managerial discretion and that a defendant's position of public or private trust contributed in some significant way to the commission of the offense. USSG § 3B1.3 comment. n.1. Here, Count Three alleges that Decoteau and Morin, a board member of the tribal entity Uniband, Inc., stole, embezzled and misapplied $77,000 of funds and money's belonging

to the TMBCI and was entrusted to their care and custody. Count Four makes the same allegation with respect to other funds and moneys. To find Morin guilty on Counts Three and Four, the jury was instructed that an essential element was that the funds or moneys taken belonged to the TMBCI or were in the in the care and custody of an officer, employee or agent of the TMBCI (Tr. 1173-75). Count Five alleges that Decoteau and Morin, a board member of Uniband and an agent thereof, stole, embezzled, misapplied or converted funds belonging to the TMBCI. Relevant essential elements of the offense included that Morin was a board member of Uniband, he embezzled, stole, misapplied, etc., funds, assets or moneys which was owned or in the care or custody of Uniband.

The jury's guilty verdict clearly reflects that it found these essential elements. Thus, the guilty verdict is a jury finding beyond a reasonable doubt that Morin used his position on the board of Uniband to commit the crimes. Thus, this error would be harmless as well.

## CONCLUSION

For the reasons set forth above, Morin's sentence should be affirmed. However, if this Court finds that Blakely applies and that there was error which is not harmless, it should find the guidelines unconstitutional in their entirety and remand to the district court for resentencing using the guidelines as a reference.

Dated this 20th day of August 2004.

DREW H. WRIGLEY
United States Attorney

By: [signature]
DAVID L. PETERSON
Assistant United States Attorney
P. O. Box 699
Bismarck, ND 58502-0699
(701) 530-2420
N.D. Bar Board ID No. 02906
Attorney for United States

# CERTIFICATE OF SERVICE BY MAIL

UNITED STATES OF AMERICA, )
Appellee, ) Appeal No. 03-1781
-vs- )
RONALD S. MORIN, )
Appellant. )

The undersigned hereby certifies that she is an employee in the Office of the United States Attorney for the District of North Dakota and is a person of such age and discretion as to be competent to serve papers.

That on August 20, 2004, she served a copy of the attached UNITED STATES' RESPONSE TO MOTION FOR RELIEF by placing said copy in a postpaid envelope addressed to the person hereinafter named, at the place and address stated below, which is the last known address, and by depositing said envelope and contents in the United States mail at Bismarck, North Dakota.

Addressee:

Ronald S. Morin
Federal Register No. 07901-059
Federal Prison Camp-Duluth
P. O. Box 1000
Duluth, MN 55814-1000

RENITA A. NAGEL
Legal Assistant

FILE

IN THE UNITED STATES COURT OF APPEALS
FOR THE EIGHTH CIRCUIT

RECEIVED AUG 19 2004

| | |
|---|---|
| UNITED STATES OF AMERICA, Appellee, -vs- RONALD S. MORIN, Appellant. | Appeal No. 03-1781 APPELLANT'S REPLY BRIEF TO MOTION FOR RELEASE PENDING APPEAL |

NOW COMES Ronald S. Morin, Appellant, pro se, in the above entitled matter and does respectfully submit and file this "Appellant's Reply Brief To Motion For Release Pending Appeal", and does urge this Honorable Court to consider the following:

I. PRELIMINARY STATEMENT

In accordance with the mandate of the decision handed down by the United States Supreme Court in Haines v. Kerner, 404 U.S. 519, 520 (1972), because the Appellant is a pro se litigant without assistance of counsel, this Court based on but not limited to these few reasons must liberally construe the instant Reply Brief and all other pleading, motions and things alike, rather than to hold him to the same standards as an attorney.

Additionally, Appellant avers that he raises issues of equal protection and due process concerns that should not be ignored but should be squarely addressed by this Court, as the issues raised may not only affect the outcome of the instant case but they well affect cases of other criminal defendants that appear before this and other courts.

II. ARGUMENT

On or about August 10, 2004, Appellant filed an Amended Motion with respect to the current Appeal and Motion For Release Pending Appeal which is currently before this Court.

At about the same time, the Government filed it's response to Motion For Release Pending Appeal which the Appellant received on August 13, 2004.

The Government agrees that the Appellant objected to both enhancements during sentencing. (Government's Response P. 1). The Government goes even further by stating "However, the district court rejected Morin's objections and found that the loss exceeded $70,000 and that the abuse of public trust enhancement applied." (Government's Response P. 1-2). In **Blakely v. Washington**, 542 U.S. ____, 124 S.Ct. 2531 (2004), the Supreme Court stated "...the relevant 'statutory maximum' is not the maximum sentence a judge may impose after findings additional facts, but the maximum he may impose without any additional findings." Id. (citations omitted)(emphasis in original).

The Government's then indicates that "The Supreme Court Held no opinion on the federal sentencing guidelines." (Government's Response P. 3). To date, numerous circuits have indicated that Blakely applies in relation to the enhancements made in the Federal Sentencing Guidelines. See United States v. Ameline, No. 02-30326, 2004 U.S. App. LEXIS 15031 (9th Cir. July 21, 2004); United States v. Booker, ____F.3d____, 2004 WL 1535858 (7th Cir. July 9, 2004); and cases from thirty-four (34) district court judges and that tally goes up to August 2, 2004. It is clear that Blakely applies in this instant case. Furthermore, it was the opinion of Justice O'Connor and jointly in part by Chief Justice Rehnquist and Justices Kennedy and Breyer, surmised that "Washington's sentencing system is by no means unique. Numerous other States have enacted guidelines, as has the Federal Government." Id. at 2548. Justice O'Connor concluded by stating that, in the dissent's view, "If the Washington scheme does not comport with the Constitution, it is hard to imagine a guidelines scheme that would." Id.

The Government indicates that Appellant's only claim is related to the two point enhancement under §3B1.3 for abusing a position of public trust. However, Appellant also argues that the findings in relation to the amount of loss are also a Blakely violation.

As a result, the Offense Level calculation under the guidelines goes even lower, and as a result, in the worst-case scenario the Appellant has served the maximum sentence in relation to Category I, Offense Level 10 which is 10 - 16 months.

The Government then states that the Appellant goes on to argue that the amount of restitution was also improper in light of Blakely. At this point, the Government indicates that the Appellant is arguing the amount of his restitution. (Government's Response P. 4). If the Appellant is arguing the amount of his restitution, then it is perfectly conceivable that the Appellant is also arguing the Offense Level calculation in respect to the loss amount.

The Government then argues that under 18 USC §3143(b) that the Appellant's sentence will result in a reduced sentence. The Appellant has already addressed this issue in various aspects ranging from Blakely's relevance in the Federal Sentencing Guidelines, Blakely violations made by the District Court, Blakely violations with respect to loss amount, and the fact that the Appellant has served the maximum sentence in the worst-case Offense Level (10 - 16 months) if the Court decides that the Appellant's argument was for a loss amount under $29,999.99.

The Government then decides to argue that the Appellant has failed to challenge his sentence. This is also incorrect since the Appellant filed an Amended Motion to the Court on August 10, 2004, and there is no way possible that the Appellant could have expected this argument since Appellant received the Government's response on Friday, August 13, 2004. As a result, Appellant believes that the Government's arguments quoting Levy and Mesner are pointless.

The Government then restates the issue that Appellant's sentence will be a "wash" (meaning 15 - 21 months Offense Level calculation is the same as the 21 - 27 month Offense Level Appellant currently has). The Appellant believes that he has already addressed this issue since his Offense Level Calculation is well below the Government's contentions.

Finally, the Government contends that the correct position to take is to send these issues back to the District Court for determination. (Government's Response P. 6). They quote that "The entire panel in Mooney found that the better procedure would be to allow the district court to consider the issue..." The Appellant believes that these issues are within the scope of determination by the United States Court of Appeals for The Eight Circuit.

WHEREFORE, the Appellant hereby requests that the Court release Appelant pending appeal and consider Appellant's merits as outlined in his Amended Motion.

Dated this 16th of August 2004.

Ronald S. Morin

Ronald S. Morin, Appellant, pro se
Federal Prison Camp
Post Office Box 1000
Duluth, Minnesota 55814-1000

IN THE UNITED STATES COURT OF APPEALS
FOR THE EIGHTH CIRUIT

RONALD S. MORIN,

Movant/Defendant,

v.

Case Number: 03-1781

UNITED STATES OF AMERICA,

Respondent/Plaintiff.

AUG 13 2004

## CERTIFICATE OF SERVICE

I, RONALD S. MORIN, Movant/Defendant, pro se, certify under penalty of perjury that I have today placed a copy of:

MOTION AND MEMORANDUM FOR RELIEF UNDER BLAKELY V. WASHINGTON

into an envelope and deposited the same, with first-class postage affixed thereto, into the mailbox provided for the mailing of legal and special mail, located within the Federal Prison Camp, 6902 Airport Road, Duluth, Minnesota 55814-1000.

The envelope is addressed to the following person at the address following their name below:

David L. Peterson, AUSA
United States Attorneys Office
District of North Dakota
372 U.S. Post Office & Courthouse Building
220 East Rosser Avenue
Post Office Box 699
Bismark, North Dakota 58502-0699

Dated: August 6, 2004

Ronald S. Morin, Movant, pro se
Federal Register Number 07901-059
Federal Prison Camp - Duluth
Post Office Box 1000
Duluth, Minnesota 55814-1000

IN THE UNITED STATES COURT OF APPEALS
FOR THE EIGHTH CIRUIT

RONALD S. MORIN,

Movant/Defendant,

v.

Case Number: 03-1781

UNITED STATES OF AMERICA,

Respondent/Plaintiff.

RECEIVED AUG 13 2004

**MOTION AND MEMORANDUM FOR RELIEF UNDER BLAKELY V. WASHINGTON**

**NOW COMES** Ronald S. Morin, Movant/Defendant ("Movant"), pro se, in the above entitled matter and does respectfully submit and file this **"MOTION AND MEMORANDUM FOR RELIEF UNDER BLAKELY V. WASHINGTON"**, and does urge this Honorable Court to consider the following:

I. **PRELIMINARY STATEMENT**

In accordance with the mandate of the decision handed down by the United States Supreme Court in **Haines v. Kerner, 404 U.S. 519, 520 (1972),** because Movant is a pro se litigant without assistance of counsel, this Court based on but not limited to these few reasons must liberally construe the Instant Motion and all other pleading; motions and things alike, rather than to hold him to the same standards as an attorney.

Additionally, Movant avers that he raises issues of equal protection and due process concerns that should not be ignored but should be squarely addressed by this Court, as the issues raised may not only affect the outcome of the instant case but they may well affect cases of other criminal defendants that appear before this and other courts.

## II. INCORPORATION BY REFERENCE

Movant hereby incorporates by reference any and all court records, files, motions and, but not limited to, all appellate matters, motions, rulings, and things alike, that either directly or indirectly pertain to the above-entitled numbered criminal case, as if same were set forth herein at length, as if same were set forth herein.

## III. JURISDICTION

Jurisdiction is invested in this Court since Movant his appealed a decision by the Honorable Patrick A. Conmy, Senior United States District Judge, District of North Dakota. There are currently various Petitions, Motions, and Memorandums before this Honorable Court. Furthermore, Movant requests that this Motion and Memorandum be incorporated with the matters currently before this Court.

## IV. FACTUAL HISTORY

On March 4, 2003, Movant appeared before Judge Conmy for Sentencing. After various objections and arguments, it was determined that Movant be sentenced to a term of twenty-one (21) months imprisonment, two (2) years of supervised release, a restitution order of $69,411.50, and a special assessment of $500.00. Movant has Appealed to this Honorable Court.

## V. SUMMARY OF ISSUES

Under the principle announced in **Blakely v. Washington**, 542 U.S. ____, 124 S. Ct. 2531 (2004), Movant is entitled to a sentence reduction to effect elimination of sentence enhancements supported by facts not found by a jury or admitted by defendant.

In **United States v. Mooney**, No. 02-3388 (8th Cir. 2004), this Court interpreted **Blakely** to mean that the entire federal sentencing guidelines scheme is unconstitutional. Id., pp. 11-13 (Lay and Bright, JJ).

VI. **ARGUMENT**

Movant's sentencing calculation applied two enhancements, and one downward departure, to the base offense level. Both enhancements (Abuse of a position of trust and loss amount) were neither supported by facts not found by a jury or admitted by Movant.

In **Blakely v. Washington**, 542 U.S. ____, 124 S.Ct. 2531 (2004) and in **United States v. Mooney**, No. 02-3388 (8th Cir. 2004), these courts have determined that the Sixth Amendment of the United States Constitution requires that facts relied upon to enhance a sentence above the "standard range" for the offense must be either found by a jury or admitted by the defendant.

In **Blakely**, the Supreme Court held that portions of the State of Washington's sentencing guidelines were unconstitutional as they deprived a defendant of his sixth amendment right to a jury trial increasing his presumptive sentence based on a judge's, rather than a jury's factual findings regarding sentencing factors. 124 S.Ct. at 2538-39. This Circuit recently interpreted **Blakely's** application to the Federal Sentencing Guidelines, and held that there is a sixth amendment violation where the sentencing judge makes and enters factual findings to enhance a defendant's sentence where the sentencing facts were not submitted to a jury and proved beyond a reasonable doubt. **United States v. Mooney**.

In **Blakely**, The Supreme Court had before it a determinate sentencing scheme quite similar to the Federal Sentencing Guidelines. 124 S.Ct. at 2534-35. Blakely had pleaded guilty to a kidnapping charge which, standing alone, carried a sentencing range under Washington's guideline scheme of 49 to 53 months. However, Washington's sentencing scheme allowed a judge to impose a sentence above the presumptive sentencing range if the judge found a substantial and compelling reason justifying an exceptional sentence. The trial court in that case determined that the defendant had acted with "deliberate cruelty." which was a statutorily-

enumerated ground for departure, and consequently enhanced the defendant's sentence to 90 months. The defendant appealed, arguing that this sentencing procedure deprived him of his federal constitutional right to have a jury determine beyond a reasonable doubt all facts legally essential to his punishment. Id. at 2534-36.

The Supreme Court found that this enhancement violated the defendant's right to a trial by jury as set forth in Apprendi v. New Jersey, 530 U.S. 466 (2000). Id. at 2536-37. Under Apprendi, the law is clear that, other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory must be charged in an indictment, submitted to a jury, and proven beyond a reasonable doubt. 530 U.S. at 490. Following a discussion of Apprendi and Ring v. Arizona, 536 U.S. 584 (2002), the majority in Blakely stated, "In each case, we concluded that the defendant's constitutional rights had been violated because the judge had imposed a sentence greater than the maximum he could have imposed under state law without the challenged factual finding." 124 S.Ct. at 2537.

The State of Washington attempted to argue that the case was distinguishable from Apprendi and Ring because the statutory maximum in Washington for a class B felony is ten (10) years and the defendant only received 90 months. The Supreme Court rejected said argument stating "Our precedents make clear, however, that the 'statutory maximum' for Apprendi purposes is the maximum sentence a judge may impose solely on the basis of the fact reflected in the jury verdict or admitted by the defendant...In other words, the relevant 'statutory maximum' is not the maximum sentence a judge may impose after finding additional facts, but the maximum he may impose without any additional findings. Id. (citations omitted) (emphasis in original).

In a footnote, the Court noted that the United States was concerned that a ruling in favor of the defendant in Blakely would cast the Federal Sentencing

into serious doubt. "The United States, as **amicus curiae**, urges us to affirm. It notes differences between Washington's sentencing regime and the Federal Sentencing Guideline but questions whether those differences are constitutionally significant..." Id. at 2538, n. 9.

In the dissenting opinion, Justice O'Connor surmised that "Washington's sentencing system is by no means unique. Numerous other States have enacted guidelines, as has the Federal Government." Id. at 2548.

The Supreme Court and the United States Court of Appeals for the Eighth Circuit could well have been describing the manner in which Movant was sentenced as the same constitutional infirmities infected his sentencing as presented in both **Blakely** and **Mooney**. Said upward enhancements were judge-made, preponderance of the evidence findings made by the sentencing court solely. Initially, they were sentencing guidelines calculations that a probation officer made, following the Government's requested calculations. Over Movant's objections, the sentencing court adopted the probation officer's and the Government's calculations.

The Government will argue that this §2255 does not carry merit since the Movant did not appeal within the timelines as outlined in the Anti-Terrorist Effective Death Penalty Act ("AEDPA"); however, since the **Blakely** decision applies to this Motion. In **Teague v. Lane**, 489 U.S. 288 (1989), the Supreme Court held that a "new recognition of a constitutional right which is in fact an articulation of a settled principle may be applied retroactively on collateral review. Consequently, it is not surprising dissenting justice opined that **Blakely's** affect would be retroactive to the date of the **Apprendi** ruling. The Court has no doubt that the appellate courts will offer additional guidance on this issue; until that occurs, however, the Court concluded that **Blakely**, as an application of a previously announced rule, applies both on direct appeal and on timely collateral review of sentencing that occurred after June 26, 2000.

As the offense level calculation on which Movant's 2003 sentence was based, included enhancements for alleged facts not found by a jury or as outlined within the Indictment, resentencing is required by the cases of **Blakely** and **Mooney**.

Because **Blakely** and **Mooney** make it plain that Movant was unconstitutionally punished for crimes that were never presented to a jury or admitted to by the Movant, the sentence should be vacated and the case remanded for resentencing.

## VII. CONCLUSION

The sentence imposed of 21 months exceeded the presumptive maximum. It is clear that the Movant's Sixth Amendment rights were violated due to the Court's sentencing procedures. Therefore, for all of these reasons, Ronald S. Morin, Movant/Defendant, respectively submits that this Honorable Court vacate and remand Movant's current sentence and provide instructions to the District Court resentencing Movant to Offense Level 4, Category I (0 - 6 months) which would be consistent with the principles established in **Blakely** and **Mooney**.

Respectfully submitted this 6th day of August 2004.

Ronald S. Morin, Movant, pro se
Federal Register Number 07901-059
Federal Prison Camp - Duluth
Post Office Box 1000
Duluth, Minnesota 55814-1000