**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**
**No. 00-CR-365 (JMR/FLN)**

---

United States of America,

Plaintiff,

vs.

Michael Alan Mooney,

Defendant.

**DEFENDANT MICHAEL A. MOONEY'S MEMORANDUM OF LAW**

---

## STATEMENT OF THE CASE

On June 19, 2006 the United States Supreme Court denied Mr. Mooney's Petition for a Writ of Certiorari. 126 S. Ct. 2889 (2006). The matter is now back before this Court. The sole remaining issue is, what sentence is condign?

## DISCUSSION OF PROCEDURAL HISTORY AND LAW

The Court sentenced Mr. Mooney to 42 months without parole. He began serving his sentence on October 2, 2002. He was released pending appeal on November 30, 2004, after serving 26 months. This Court's Order reads as follows:

> The defendant Michael Alan Mooney is hereby ordered immediately released from the custody of the United States Bureau of Prisons. Mr. Mooney's release shall last until disposition of his direct appeal to the United States Court of Appeals in No. 02-3388 and until this Court issues a further order concerning Mr. Mooney's sentence following disposition of the appeal, all pursuant to 18 U.S.C. § 3163(b).

On October 10, 2005, the Eighth Circuit, en banc, affirmed Mr. Mooney's conviction and sentence. United States v. Mooney, 425 F.3d 1093 (8th Cir. 2005). The

majority held that the loss amounts used by the district court were correct and that a remand in light of Blakley and Booker was not required. Judge Bright dissented, and wrote as follows:

> . . . The district court, by its November 30 order, appears to have retained jurisdiction to alter Mooney's sentence. Thus, when Mooney's appeal is complete, the district court may conduct further proceedings concerning Mooney's sentence. If the district court, pursuant to the provisions in its November 30 order, leaves the sentence as originally imposed or if the district court reduces the sentence, the opinion of the en banc court will stand for naught.

Id., 425 F.2d at 1105. The en banc majority expressed no agreement or disagreement with Judge Bright's view that the district court retained jurisdiction over the sentence. Id., 425 F.2d at 1102-1105.

In January of 2006 the government requested by letter that this Court order Mr. Mooney to surrender for service of the remainder of his sentence and Mr. Mooney requested by letter that this Court defer sentencing pending his application for a writ of certiorari in the United States Supreme Court.

This Court then entered an order which stated, in pertinent part, ". . . sentencing is deferred pending any proceedings in the United States Supreme Court." January 10, 2006, order.

Mr. Mooney duly filed his petition for a writ of certiorari, and the United States Supreme Court denied it on June 19, 2006. 126 S. Ct. 2889 (2006).

At this point Mr. Mooney makes these requests of the Court, in order of his preference.

Mr. Mooney has ten months left to serve of his original sentence. The original sentence was 42 months. Less good time (.15 x 42 = 6.3 months), Mr. Mooney must actually serve 35.7 months (42 – 6.3 = 35.7). He has served 26 months. He therefore has less than 10 months to serve of his original sentence.

Mr. Mooney's first preferred request is that the Court recognize that Judge Bright was correct in that this court did retain jurisdiction to re-sentence Mr. Mooney in its November 30, 2004 order. The guidelines now being advisory, the Court may impose any sentence it wishes consistent with the sentencing objectives of 18 U.S.C. § 3553. The guideline range was calculated at 37 to 46 months. Mr. Mooney requests the Court sentence him to 30 months, which with good time would be 26 months time served, a downward variance justified by the fact that Mr. Mooney has spent 26 months at Duluth and another 21 months on release pending resolution of the appeal of his sentence. While the release was at his request, it would not have been granted unless his case raised sentencing questions that needed to be resolved by higher courts. In fact, the law mandated his release. Mr. Mooney's life and career have been put on hold for 21 months. This request attempts to recognize that. This request, if granted, would not add any unnecessary burden on an overextended prison system.

Mr. Mooney's second preference is that the Court sentence him within the guidelines range at 37 months, five months less than the original sentence. With credit for good time, he would have to serve 31.5 months. Having already served 26 months, he would have 5½ months left. Mr. Mooney requests that the Court designate to the Bureau

of Prisons that he be granted 5½ months home confinement or 5½ months halfway house time pursuant to Fults v. Sanders, 442 F.3d 1088, 1090 (8th Cir. 2006).

Mr. Mooney's third preference is that the Court treat the remaining ten months on his original sentence as a Zone B sentence pursuant to §§ 5B1.1 and 5C1.1 of the 1995 Sentencing Guidelines under which the original sentence was delivered. Under § 5C1.1(c)(3), he could be placed immediately on supervised release, a condition of which could be substituting home confinement for the remaining ten months of the original sentence.

Dated: September 1, 2006.

Respectfully submitted,

s/Jon M. Hopeman

Jon M. Hopeman, MN #47065
Eric J. Riensche, MN #309126
Attorneys for Defendant Michael A. Mooney
Felhaber, Larson, Fenlon & Vogt, P.A.
220 South Sixth Street, Suite 2200
Minneapolis, MN 55402-4504
Telephone: (612) 339-6321
Fax: (612) 338-0535