UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
CRIMINAL NO. 00-365(JMR/FLN)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>MICHAEL ALAN MOONEY,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | **MEMORANDUM OF THE UNITED STATES IN OPPOSITION TO DEFENDANT'S MOTION FOR RESENTENCING** |

## FACTUAL BACKGROUND

The defendant, Michael Alan Mooney, was convicted by a jury of eight counts of mail fraud, four counts of securities fraud, and five counts of money laundering. This Court sentenced defendant to 42 months in prison, and defendant appealed his conviction and sentence to the Eighth Circuit Court of Appeals. During the pendency of his appeal and after defendant was serving his sentence, the United States Supreme Court decided Blakely v. Washington, 124 S. Ct. 2531 (2004). Thereafter, defendant moved for release pending his direct appeal. Based on Blakely, defendant argued that there was a substantial question whether his sentence violated the Sixth Amendment because the factors used to enhance his sentence were not submitted to the jury.

On November 30, 2004, over the government's objection, the Court granted defendant's motion for release until his direct appeal was resolved. United States v. Mooney, No. 00-365(JMR/FLN) (D. Minn. Nov. 30, 2004). Defendant was released after serving

approximately 26 months of his sentence. On March 28, 2005, a panel of the Eighth Circuit affirmed defendant's conviction but reversed defendant's sentence. United States v. Mooney, 401 F.3d 940 (8th Cir. 2005). Subsequently, the Eighth Circuit vacated the sentencing portion of the panel opinion, and in an en banc opinion, the Eighth Circuit affirmed defendant's sentence of 42 months. The court specifically held that "Mooney is not entitled to be resentenced." United States v. Mooney, 425 F.3d 1093, 1104 (8th Cir. 2005). The court went further noting:

> Mooney has had repeated judicial consideration of his appellate issues over some two years, and we conclude he has raised no issue which entitles him to relief either with respect to his conviction or his sentence. ... We conclude that the district court neither misinterpreted nor misapplied the sentencing guideline on the gain resulting from Mooney's offenses, that Mooney forfeited his Sixth Amendment sentencing issue in the district court and has not shown plain error, and that the sentence imposed by the district court was not unreasonable under all the circumstances. The judgment of the district court is therefore affirmed in all respects.

Id. (emphasis added). On June 19, 2006, the United States Supreme Court denied defendant's Petition for Writ of Certiorari, thereby finalizing Mooney's direct appeal. United States v. Mooney, 126 S. Ct. 2889 (2006).

Defendant now seeks relief from this Court by way of resentencing. He relies on language from the dissenting opinion that was rejected by the majority of the en banc court. For the

reasons set forth below, defendant's motion should be denied and defendant should be ordered to surrender to serve the remainder of his sentence.[1]

## ARGUMENT

The Eighth Circuit expressly upheld defendant's sentence of 42 months. The court made clear that defendant is not entitled any relief and that his sentencing judgment is affirmed in all respects. Simply put, the sentence of 42 months imposed by this Court is the final judgment and it cannot be modified.

The dissent by Judge Bright does not entitle defendant to relief. First, the majority en banc opinion rejects the position taken by Judge Bright that defendant's sentence can be modified or changed. The majority opinion makes clear the district court is to provide no relief to the defendant when it expressly held that "[Mooney] has raised no issue which entitles him to relief." Mooney, 425 F.3d at 1104. Relief by way of the modifications requested by defendant is in direct contravention of the en banc majority opinion.

Second, the dissents rationale that this Court kept jurisdiction over the case to resentence the defendant is incorrect. Nothing in the district court's order authorizes resentencing. The district court simply left open the possibility

---

[1]The United States has filed a separate motion for an order setting a surrender date.

of further proceedings because the Eighth Circuit had not yet ruled on defendant's sentence. The order recognizes the obvious possibility of further proceedings if the Eighth Circuit reversed and remanded for resentencing. The Eighth Circuit, however, did not reverse the sentence and it is black letter law that the district court is bound by the terms of the Eighth Circuit's decision, which in this case, precludes modifying the final judgment. Cf. United States v. Graham, 97 F.2d 1145 (8th Cir. 1996)(limited remand to dismiss count did not open door for defendant to raise new issues); United States v. Santonelli, 128 F.3d 1233 (8th Cir. 1997)(even though resentencing ordered court rejected claims that other issues outside remand could be reopened).

All three of the options set forth by the defendant necessitate a modification of the final judgment. Each option requires the Court to resentence the defendant and change the terms of the previously imposed sentence. Such modifications are precluded by the Eighth Circuit's affirmance of the sentence.

Defendant's reliance on Fults v. Sanders, 442 F.3d 1088 (8th Cir. 2006) in support of his position that the Court can reduce his sentence is misplaced. Fults has no application to this case. All that Fults requires is that once Mooney is remanded, he will be considered for halfway house placement consistent with Fults, that is under the pre-2002 Bureau of Prisons guidelines without regard

to the regulations struck down in Fults. The opinion does not provide a legal basis to modify a final judgment.[2]

Defendant seeks to modify a final judgment that has been affirmed by the Eighth Circuit. Defendant provides no legal support for his position. Indeed, his position would permit any defendant released pending appeal to seek resentencing after appellate review, a position that is unsupported in law and defies common sense. As stated by the Eighth Circuit, "Mooney is not entitled to be resentenced." The Eighth Circuit could not have been clearer: defendant must be remanded to serve the remainder of his 42 month sentence.

Dated: 9/15/06

Respectfully submitted,

RACHEL K. PAULOSE
United States Attorney

*s/ Frank Magill*

BY: FRANK J. MAGILL, JR.
Assistant U.S. Attorney
Attorney ID No. 168476

[2]It is also unclear whether defendant is entitled to 6.3 months of good time credit. To date, defendant has only earned good time credit on the portion of the sentence he has served, not the entire 42 month sentence. Furthermore, he can lose all of his good time credit up until the date of his release from custody. At this point it is premature to determine the amount of good time credit to which he may be entitled.