Criminal Case #00-365
Document 2255
Attachment #1

# 2255 Grounds

## 1. Ground One: Plain Error

In a recent high profile sentencing (Scooter Libby) the government representative was quoted as saying "Truth matters, the whole system depends on that."

Truth should matter. In the Mooney case, however, the jury was not allowed to fairly consider the truth. The defendant did not receive a fair trial because the jury was not allowed to receive accurate information about key components of the defense.

The defendant had a reasonable and non-fraudulent explanation for his trades. He was forced to deal with two margin situations plus a company black out policy, the combination of which put him into an awkward situation and caused him to make unusual but not fraudulent trades.

The prosecutor gave the jury significant pieces of false information which were individually and cumulatively devastating to the defense. Defense counsel did not adequately explain the margin and black out issues. More importantly, he did not recognize and/or respond, either at trial or on appeal, to the many significant false statements made by the prosecutor.

Defense counsel is an extremely honorable and professional individual. He has a history of capable performance. So does the government. In this case, however, the record is clear that there were margin account issues, black out policy issues and employee stock option exercise issues that were not considered and/or understood by either the prosecutor or the defense counsel. Because the lawyers did not fully understand much of this information, the jury was not given the opportunity to fairly consider this case. Rather than attempt to measure misconduct or inadequate defense issues, defendant asks this court to reverse/vacate the conviction and order a new trial on the basis of plain error. Too many errors were made. The jury was not allowed to get at the truth and the truth should matter.

## 2. Ground Two: Prosecutor Misconduct

If the court is unwilling to reverse/vacate the conviction using plain error rationale, then the defendant requests a new trial on the basis of prosecutor misconduct. The prosecutor made many false statements to the jury. Their individual and cumulative impact on the defendant's truthful margin issue explanation was devastating. These many false statements were not objected to or corrected at the trial or on appeal but they should have been.



SCANNED
MAY 28 2008
U.S. DISTRICT COURT ST. PAUL

3. **Ground Three: Ineffective Assistance of Counsel**

If the court is unwilling to reverse or vacate the conviction using plain error or prosecutor misconduct grounds, the defendant requests that the court do so based upon ineffective assistance of counsel. A fair trial required that the jury be allowed to consider truthful and accurate information about what might have caused the defendant's conduct. Defense counsel did not adequately explain the margin information or the black out policy information to the jury. More importantly, when the prosecutor attacked the defense with false statements and false information, defense counsel did not object or make other attempts to correct the record and to get truthful information to the jury for consideration. Effective assistance of counsel requires that significant false claims made by the government that are devastating to the defense be countered. In the Mooney trial the significant false claims occurred but the effective assistance of counsel in objecting to or countering those claims did not.

4. **Ground Four: Sentencing**

If the court is unwilling to reverse or vacate the conviction then defendant requests probation be shortened or eliminated.

This conviction occurred in October of 2001, almost six years ago. For those six years, defendant has been unable to vote and has lived with restrictions on his travel and his finances.

Defendant was sentenced to 42 months imprisonment plus 3 years probation. This case is quite unusual because of its many delays, the most unusual being that Mooney's prison sentence was interrupted for 23 months while the courts dealt with Blakely/Booker et al issues. Defendant is almost done serving the prison time. He has been under post trial Justice Department supervision for almost six years and has had no discipline or compliance issues with court or Bureau of Prisons personnel. Defendant requests that he be allowed to vote again and that travel and other restrictions be minimized or eliminated as early as possible.

5. **Ground Five: Sentencing**

If the court is unwilling to reverse or vacate the conviction then defendant asks that the fine be eliminated.

At the time of trial and sentencing, the defendant not only had no money but had major debts, including significant amounts owed to friends who paid his legal fees as well as some family members who were supportive. Six years later defendant has no assets and still owes well over a million dollars that he may never be able to repay.

The PSI confirmed at sentencing that Mooney had no ability to pay a fine but the government disagreed. The government claimed that Mooney still had a million dollar plus home, even though it had been up for sale for some time and had multiple mortgages on it. At sentencing the court imposed a $150,000 fine. Since sentencing all of Mooney's property has been foreclosed on or sold, at no gain to him. The government has at least twice confirmed that he has a negative net worth. Several months after sentencing and after the FBI had performed further background checking, this court approved Mooney for informa pauperis status for appeal. The SEC has also recently confirmed that Mooney has no ability to pay any fines.

It is now clear that at the time of sentencing defendant was insolvent and that he has remained so for almost six years. Because of that, and his desire to once again begin helping to support his seventy-three year old mother who has limited income, defendant asks that the $150,000 fine be eliminated.

**6. <u>Pro Se versus Attorney</u>**

Defendant believes he is entitled to government paid counsel since he received informa pauperis status for his appeal and his financial status has not improved since.

This 2255 action has been prepared on a pro se basis because the issues involved are more about the accuracy of information than about legal questions. I believe there is enough material here to allow for the court to take appropriate action. If the court believes that this information should be prepared or verified by defense counsel, or if the court rejects this 2255 and I am entitled to appeal, I request that the court appoint Chris Madel of Robins, Kaplan et al. I have been told that he has the expertise in margin accounts, etc. that is necessary to appropriately represent this case.