Criminal Case # 00-365
Document 2255
Attachment #5

# Ineffective Assistance of Counsel

1. The single most important item to the defense was that Mooney had to sell shares in order to satisfy his margin problem after April 19th. The government attacked this with false information and defense counsel did nothing to object or counter.

2. Part of the margin issue information described in #1 above was that when Mooney sold his 20,000 shares on May 17th his margin problem was fixed. The government attacked this with false information and defense counsel did nothing to object or counter.

3. The second most important item of the defense was that because of the company black out policy and other company actions Mooney had to wait until May 10th and then May 17th to solve his margin issue. Defense counsel did not present this information. Rules do not allow second guessing of strategy but there is no legitimate strategy reason for not providing this information. It is likely defense counsel did not fully understand this information and therefore did not present it. Explaining this issue would also have countered some of the prosecutor's false and misleading attacks on the margin explanation.

4. There were several other significant false claims made by the prosecutor and detailed elsewhere in these documents. These claims should have been countered by defense counsel but were not.

5. Defense counsel did not effectively understand and/or present margin account information. The copies of monthly statements were almost illegible and should have been reprinted and summarized at least for key points. Specific dates should have been shown (i.e., April 13th, April 19th and especially May 17th) rather than just month end numbers. Witness questioning, particularly Kyrilis and Levitt, was sometimes very confusing. Factual conclusions from verbal testimony were almost impossible. An adequate job would have required written summary exhibits in some form.

   The Synopsis document (part 2, item 2) showed that cross examination of Kyrilis produced misleading information. Most of the cross examination of Levitt was confusing as well. Levitt was asked about margin levels in June, July, August and September but this information was irrelevant. At the end of cross, after conferring with defendant (vol. 4 page 44 line 4), counsel finally asked the most import question, regarding the end of April margin position. Re-cross examination then added even more confusion. The intended conclusions from all of this cross examination were never clear.

6. Conventional wisdom is that juries strongly dislike parties to a trial that either mislead them or don't understand key points. The government provided such a situation to the defense when it did not understand how Mooney's margin account worked, particularly the "concentrated account" issue. When the government decided

SCANNED
MAY 28 2008
U.S. DISTRICT COURT ST. PAUL

to indict Mooney and when the prosecutor presented most of his case at trial, he thought that Mooney could owe margin of up to 65% of the account's market value.

He was wrong. Because Mooney had a concentrated account he could only owe margin up to 50% of value. Mooney had a significant margin problem before he sold shares and the government couldn't figure it out because they didn't know the margin rules.

Defense counsel had an opportunity to undermine the credibility of the government's case and never took advantage of it. Counsel could have used witnesses (i.e. FBI agent or stock broker) and closing to do this but let the opportunity pass. This is also true about the black out policy and at least some of the false statements listed in these documents. The government got its information wrong on multiple issues and the defense should have shown that to the jury but didn't.