# Addendum/Response for 2255 Motion

Case: Crim 00-365
Civ 07-2802

The undersigned filed a 2255 motion on June 13, 2007. Yesterday, August 16, 2007, I received a copy of the government response to said motion. I do not know if a response from me is allowed but I quickly prepared the following just in case. Obviously the court understands the legal issues here much better than I do. I am only trying to make sure the fact descriptions are fair. Thank you in advance for your consideration.

## General

Every statement made in the 2255 motion is true and supported by the evidence. The government response did not produce even one example of where a 2255 specific reference to the evidence was wrong.

The government response did include some misleading and/or inaccurate information. The most glaring falsehood is that the government still claims that the jury could reasonably infer from the evidence that defendant could solve his margin problem by exercising and holding options (top of page 10 of response). It is good that the government admits that there was a margin problem that needed to be solved. Despite the government's continued false claim, however, there is no evidence that supports the above conclusion. It was simply not possible to solve the margin problem without selling shares and the government cannot point to any specific evidence that shows that it was possible.

There are several other false and/or misleading claims in the government response. Some of these are briefly addressed below.

## Margin Issues

The government apparently agrees (bottom of page 2 of response) that the key issue of the defendant's case was whether defendant had to sell shares in order to satisfy a margin problem. Three points:

1. The government continues to employ a "red herring". The government is trying to use the term "margin call" to replace "margin problem" (page 3,

SCANNED
MAY 28 2008
U.S. DISTRICT COURT ST. PAUL

lines 2-9 of response). The defense never claimed there was a margin call. Neither did the broker or the brokerage owner. What the defense claimed, and what all the evidence supports, is that the defendant had a margin problem that he was obligated to fix. As the 2255 makes clear, the evidence shows that if he didn't fix the margin problem then the broker could issue a margin call and/or take and sell his shares. The margin agreement, the monthly statements and the testimony all support these facts.

2. The government claims (page 3, lines 10-12 of response) that defendant was "repeatedly" in violation of his margin requirements and didn't fix the violation(s). The implication seems to be that defendant didn't really need to solve his margin problem that started April 19th. The evidence contradicts this claim. First of all, the 2255 motion shows that defendant had a margin problem beginning on April 3rd and did move to fix it on April 13th. This contradicts the government claim that the defendant didn't fix "repeated" margin problems. Second, the 2255 motion demonstrates that all of the evidence shows that the defendant had a margin problem beginning April 19th that he was required to address. It also shows that company black out rules prevented him from solving it for about three weeks and that defense counsel failed to explain this at trial. Defendant did not "repeatedly" fail to solve his margin problems. He was delayed in solving a problem one time because of a company rule.

3. If the prosecutor is allowed to falsely tell the jury that the evidence shows that the defendant did not have to sell shares to satisfy his margin requirements then the defendant will never get a fair trial. If the jurors believe the government is truthful, which they should, they should not only dismiss the key defense issue but also conclude that the defense is trying to mislead them on this and potentially other issues.

**Appeal Questions**

The government argues multiple times that the Appeals Court already rejected some defense arguments. The 2255 motion largely ignored appeal issues because they are not relevant to what did or did not happen at trial but some points might be relevant now.

1. Defendant did argue insufficient evidence on appeal. Inexplicably, the prosecutor responded to this claim by misleading the Appeals Panel. At

trial the prosecutor admitted many times in his closing that defendant was over his margin limit in late April and early May. In his brief to the Appeals Court, the prosecutor told the panel that the evidence showed that defendant was never over his margin limit. The panel believed this and dismissed the margin issue by erroneously concluding in the original panel decision that the defendant did not have to solve a margin problem because he was never over his limit. The panel copied the false information given by the prosecutor. Defense counsel should have challenged this false information in a rehearing petition but didn't. The margin issue was not "fully considered" because the panel was misled about the evidence. The specific references of the brief and decisions can be provided if the court desires to further explore this issue.

2. The en banc court appropriately rejected a pro se petition for rehearing because the en banc court only dealt with sentencing issues. The en banc court specifically stated in the first paragraph of its October 2005 decision that the panel had already dealt with all conviction issues. The panel actually never took formal action on the rehearing petition.

**The "General Counsel" Issue**

The government tries to use another red herring. In 1998, defendant had a "one or two minutes" (vol. 4 page 75 lines 21-22) impromptu conversation with the general counsel. Defendant gave a one word answer of no when he was asked if he had made any illegal trades in 1995.

The general counsel testimony is irrelevant to the issues put forth in the 2255. Defendant did not testify at trial. None of the 2255 points rely on his credibility. All of the points in question are supported by admitted documents and testimony of the stockbrokers. Not one of these points was impeached by the general counsel or any other witnesses or documents.

Respectfully Submitted,

Michael A. Mooney
15565A – 26th Ave. No.
Plymouth, MN 55447
(612) 750-2757